Slip Op 10-17

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| DIAMOND SAWBLADES MANUFACTURERS' COALITION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Before: R. Kenton Musgrave, Senior Judge |
| | : | Court No. 09-00110 |
| UNITED STATES, | : | |
| | : | |
| Defendant, | : | |
| | : | |
| and | : | |
| | : | |
| SAINT-GOBAIN ABRASIVES, INC., HEBEI JIKAI INDUSTRIAL GROUP CO., LTD., HUSQVARNA CONSTRUCTION PRODUCTS NORTH AMERICA, INC., EHWA DIAMOND INDUSTRIAL CO., LTD., and BOSUN TOOLS GROUP CO., LTD., | : | |
| | : | |
| Defendant-Intervenors. | : | |

## OPINION AND ORDER

[Motion and cross-motion for sanctions denied.]

Dated: February 12, 2010

*Wiley Rein*, *LLP*, (*Daniel B. Pickard*), for the plaintiff.

*Akin, Gump, Strauss, Hauer & Feld, LLP* (*J. David Park*, *Jarrod M. Goldfeder*), for the defendant-intervenor Ehwa Diamond Industrial Co., Ltd.

*Fischer Fox Global, PLLP,* (*Lynn M. Fischer Fox*), for the defendant-intervenor Saint-Gobain Abrasives, Inc.

        *Alston & Bird, LLP*, (*Kenneth G. Weigel, Elizabeth M. Hein*) for the defendant-intervenors Hebei Jikai Industrial Group Co., Ltd., and Husqvarna Construction Products North America, Inc.

        *DeKeiffer & Horgan* (*Gregory S. Menegaz*), for the defendant-intervenor Bosun Tools Group Co., Ltd.

        Defendant United States Department of Commerce played no part in this matter.

        Musgrave, Senior Judge: Plaintiff Diamond Sawblades Manufacturers' Coalition ("DSMC") now moves pursuant to United States Court of International Trade ("USCIT") Rule 11 for the imposition of sanctions on counsel for Defendant-Intervenors Saint-Gobain Abrasives, Inc., Hebei Jikai Industrial Group Co., Ltd., Husqvarna Construction Products North America, Inc., Ehwa Diamond Industrial Co., Ltd., and Bosun Tools Group Co., Ltd., ("Intervenors"), together with an award of attorney fees, due to alleged violations presented by Intervenors' October 8, 2009 Joint Motion for Stay Pending Appeal. Pl's. Mot. at 1. Intervenors oppose the motion as meritless and contend that the motion itself violates Rule 11. Intervenors therefore request that the court rather assess attorney fees against DSMC's counsel for having filed a frivolous motion. Def.-Int's Opp'n at 13. For the purpose of permitting DSMC's response thereto, Intervenors response will be construed as a cross-motion for sanctions, *see* USCIT Rule 4, but for the reasons set forth below the motions will be denied.

### *Background*

        This case has a fairly extensive procedural history. Only salient facts need be here related: On September 30, 2009, the court granted DSMC's request for relief in the nature of a writ of mandamus and ordered that the Department of Commerce, "forthwith, issue and publish antidumping duty orders and order the collection of cash deposits on subject merchandise."

*Judgment, Diamond Sawblades Mfrs.' Coalition v. United States*, 33 CIT __, 650 F. Supp 1331

(2009) (*appeal docketed*, Oct. 15, 2009). On October 7, 2009, pursuant to USCIT Rule 62,

Intervenors filed a motion to stay enforcement of that Judgment pending Intervenors' appeal of the

decision in the United States Court of Appeals for the Federal Circuit ("Federal Circuit"). *See* Def.-

Int's Mot. for Stay Pending Appeal. The court denied this motion on November 4, 2009. *See*

*Diamond Sawblades v. United States*, Slip Op. 09-128.

On December 1, 2009 Plaintiffs filed the motion for sanctions that is currently before

the Court. In its motion, DSMC asserts that Intervenors' motion for a stay was "filed for an

improper purpose" and "contained allegations and claims for relief that were not warranted by the

law or by the facts." Pl's. Mot. at 1-2. DSMC requests that this court issue sanctions against

Intervenors' counsel and order them to reimburse DSMC for attorney fees and costs incurred as a

result of motion for stay. *Id*. In response, Intervenors' contend that DSMC's motion is so

procedurally defective and substantively meritless that it should be deemed frivolous. Def.-Int's

Opp'n at 13-14. Intervenors assert that the motion should be denied and request that the court order

DSMC's counsel to reimburse them for attorney fees pursuant to the fee-shifting provision set forth

in Rule 11. *Id*. at 14.

### *Discussion*

Rule 11 Sanctions

Rule 11 provides, in pertinent part:

\* \* \*

(b) Representations to the Court.

By presenting to the court a pleading, written motion, or other paper – whether by
signing, filing, submitting, or later advocating it – an attorney or unrepresented party

certifies that to the best of the person's knowledge, information, and belief, formed after any inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

(c) Sanctions.

> (1) In General.  If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.  Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

> (2) Motion for Sanctions.  A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b).  The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.  If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

> (3) On the Court's Initiative.  On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).

> (4) Nature of a Sanction.  A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated.  The sanction may include nonmonetary directives;

   an order to pay a penalty into court; or, if imposed on motion and warranted
for effective deterrence, an order directing payment to the movant of part or
all of the reasonable attorney's fees and other expenses directly resulting from
the violation.

       * * *

USCIT Rule 11(b), (c).[1]

  As indicated above, Rule 11 is violated when a pleading or paper is presented to the

court (1) for any improper purpose, such as harassment or unnecessary delay; (2) contains "claims,

defenses, or other legal contentions" not warranted by existing law or by a nonfrivolous argument for

extension or reversal of existing law; (3) contains allegations or factual contentions that lack

evidentiary support; or (4) contains denials of factual contentions that are not warranted on the

evidence.  USCIT Rule 11(b).

  In 1993, FRCP Rule 11 was amended to include, among other things, the so-called

"safe-harbor" provision set forth in subdivision 11(c)(2).[2]  The safe-harbor provision requires a

movant to serve the offending party with a copy of the motion at least 21 days prior to filing it; if the

recipient does not withdraw the offending papers 21 days after receipt, the movant may then present

the motion to the court.  According to the 1993 Advisory Committee Notes, the purpose of the safe

harbor provision is to reduce the volume of Rule 11 filings by affording the offending party the

opportunity to withdraw or correct the alleged violation without penalty.  *See* 28 U.S.C. Appx. at 112.

In keeping with that purpose, the vast majority of Courts have held that a Rule 11 motion is untimely

---

  [1] The Court's Rule is essentially identical to Federal Rule of Civil Procedure ("FRCP") Rule
11; accordingly, it is appropriate to look to decisions under FRCP Rule 11 as guidance for the
interpretation and application of the Court's Rule. *Precision Specialty Metals, Inc., v. United States*,
315 F.3d 1346, 1353 (Fed. Cir. 2003).

  [2] The 1993 amendments refer to FRCP Rule 11; the Court made these same amendments to
USCIT Rule 11 in 1994, with the changes becoming effective on January 1, 1995.

if it is filed after the conclusion of the case (or judicial rejection of the offending papers), because

otherwise there is no offending paper or claim that may be withdrawn. *1-2 Sanc. Fed. Law of Lit.*

*Abuse,* § 17(A)(2). A motion may not be considered untimely, however, if it was served on the

offending party at least 21 days prior to the conclusion of the case, because the party is deemed to

have received the full opportunity to retract the offensive pleading. *Id*.

It is well settled that failure to comply with the safe-harbor provision compels denial

of the motion. *See Ridder v. City of Springfield,* 109 F.3d 288, 296 (6th Cir. 1997) (describing

compliance with the safe-harbor provision as an "absolute requirement"); *Hadges v. Yonkers Racing*

*Corp.*, 48 F.3d 1320, 1328 (2d Cir. 2001) (reversing sanctions where movant failed to honor safe

harbor period). Notably, cross-motions for Rule 11 sanctions need not comply with the safe-harbor

provision because the movant is considered to be on notice that the court may award fees to either

party. *See* Advisory Committee Note, 28 U.S.C. Appx. at 112 (stating that "*service* of a cross motion

under Rule 11 should rarely be needed" because fees may be awarded to the party that prevails,

regardless of whether they were the movant or the respondent) (emphasis added).

The court may impose sanctions on its own initiative as well, subject to the restrictions

and procedures set forth in Rule 11(c)(3). Although court-initiated sanctions are not subject to the

safe harbor provision, section (c)(3) (as well as due process) requires that the court must, prior to

imposing sanctions, issue to the offending party a show-cause order as to why its conduct, specifically

described in the order, should not be sanctioned. USCIT Rule 11(c)(3). The 1993 amendments also

limited the type of penalty that may be imposed pursuant to *sua sponte* sanctions by excluding awards

of attorney fees from the available penalties. *See* Rule 11(c)(4) (attorney fees only available "if

imposed on [a properly filed] motion and warranted for effective deterrence").

I. *DSMC's Motion*

In light of the foregoing, DSMC's Rule 11 motion must be denied. The motion was filed nearly one month after the court denied the stay, and, apparently, Intervenors were never served with a copy of the motion prior to the date it was filed with the court. Accordingly, DSMC's motion for sanctions under Rule 11 was essentially doomed *ab initio*. In its response to Intervenors' cross-motion, DSMC attempts to resuscitate its request by noting that the court may alternatively consider imposing sanctions and attorney's fees via Rule 11(c)(4) (*sua sponte* sanctions) or pursuant to 28 U.S.C. § 1927. Pl's Opp'n to Def-Ints' Cross Mot. at 5 & n.1 However, even if the court were to conclude that DSMC was within its rights to raise these issues in a response, DSMC's requests cannot be granted.

As noted above, attorney fees are not available pursuant to court-initiated Rule 11 sanctions, particularly where, as here, the allowance of such an award would essentially nullify the safe harbor provision. *Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 789 (9th Cir. 2001) (noting that "[i]t would render [Rule 11(c)(1)(2)'s] 'safe harbor' provision meaningless to permit a party's noncompliant motion to be converted automatically [on appeal] into a court-initiated motion, thereby escaping the service requirement"). Further, although a motion for sanctions under section 1927 is not predicated on compliance with a safe harbor period, sanctions under that provision are a poor fit for the conduct alleged in this case. The fee-shifting provision provided by section 1927 is considered an appropriate remedy "in instances of a serious and studied disregard for the orderly processes of justice," *Braley v. Garland*, 832 F.2d 1504, 1512 (10th Cir. 1987), and only targets cases where opposing counsel "unreasonably and vexatiously" "multiplies the proceedings . . . ." 28 U.S.C.

§ 1927. In the current matter, DSMC presents little more than an inference that Intervenors' motion was filed unreasonably or vexatiously. As a matter of procedure, Intervenors were essentially *required* to file the motion for a stay in this court if they wished to maintain their right to seek a stay from the Federal Circuit. *See* Federal Rule of Appellate Procedure Rule 8. Furthermore, as Intervenors correctly point out, the purpose of a stay, indeed, is to delay. Without more, the court cannot find that Intervenors' motion was filed "unreasonably and vexatiously," or, for that matter, that it was filed for an improper purpose under Rule 11.

That said, the court notes, with more than a modicum of disapprobation, that DSMC's allegations are not entirely without merit. Counsel for Intervenors have, during the course of this litigation, and particularly in the Joint Motion for Stay, presented arguments that stretch the bounds of zealous advocacy. Although a Rule 62(c)[3] motion, by its very nature, is likely to present arguments that the court does not agree with, it is quite another thing to present arguments based upon phantoms in the record. *See*, e.g., Def.-Int's Mot for Stay at 9-10 (alleging violation of due process because the court "did not permit oral argument" when, in fact, neither party requested oral argument, *see* Docket

---

[3] In arguing that their motion for stay was not filed for the purpose of improper delay, Intervenors' state that the motion to stay was filed pursuant to Rule 62(d) ("Stay with Bond on Appeal"). *See* Def-Int's Opp'n at 13. This cannot be the case: Rule 62(d) applies only to money judgments and essentially provides for a stay "as of right" by posting a bond. It has no relevance in this matter. Rather, a motion to stay the enforcement of a writ of mandamus may only be obtained under Rule 62(c), "Injunction Pending an Appeal." *See* Def-Int's Mot for Stay at 5 n.2 (discussing criteria for issuance of an injunction pending appeal). While the erroneous reference to Rule 62(d) may be simply typographical in nature, the court notes that the correct reference (to Rule 62(c)) would have revealed the fallacy of Intervenors' assertion that the writ of mandamus was subject to the "automatic" 30-day stay in Rule 62(a), to wit: the second sentence of Rule 62(a) clearly states that "unless the court orders otherwise, an interlocutory or *final judgment in an action for an injunction is not stayed* after being entered even if an appeal has been taken." USCIT Rule 62(a) (emphasis added). Unfortunately, Intervenors' counsel quoted only the first sentence of Rule 62(a).

sheet, Court No.'s 09-00110 and 06-00247; *see also* USCIT Rule 7 (parties wishing to present oral

argument must file a motion so requesting)).

II. <em>Intervenor's Motion</em>

Intervenors' request for attorney fees against DSMC will also be denied. The court

is inclined to view such an award as inconsistent with the equities presented by the current situation

and is not inclined to issue sanctions for what might be merely negligent mistakes of research or

advice. *See Precision Specialty Metals, Inc., v. United States*, 315 F.3d 1346, 1357 (Fed. Cir. 2003).

Be that as it may, the court is also compelled to observe that the presentation of arguments based on

a Rule that was changed fifteen years ago should be regarded by DSMC's counsel as more than a

mere "procedural deficiency" in the motion.

In light of the foregoing, it is perhaps worth serving to all the reminder that "[a]n

attorney acts not only as a client's representative, but also as an officer of the court, and has a duty

to serve both masters." *Business Guides, Inc., v. Chromatic Communications Enterprises, Inc.*, 498

U.S. 533, 564 (1991). Attorneys must keep in mind that their signature on court papers certifies,

among other things, that each of "the claims, defenses, and other legal contentions" contained therein

"are warranted by existing law" and that "the factual contentions have evidentiary support." USCIT

Rule 11(b). Inherent in that certification is the assertion that the existing law, as well as the facts of

record, have been stated "accurately and correctly." *Precision Specialty Metals*, 315 F.3d at 1356.

Rule 11 violations are judged under a standard of objective reasonableness, and the law makes no

exception for situations involving joint pleadings that contain the work product of several different

attorneys and law firms. Sanctions are a serious matter, and it would be tragic for otherwise respected

attorney(s) to suffer the consequences of ill-advised arguments presented by other counsel.

Court No. 09-00110                                                                    Page 10

*Conclusion*

In applying the standards for sanctions outlined above to the facts of this case, the

court concludes that it is appropriate to deny both DSMC's Motion for Sanctions and Intervenors'

construed Cross-Motion for Sanctions.

**SO ORDERED**.


_____/s/__R. Kenton Musgrave_____
R. KENTON MUSGRAVE, Senior Judge

Dated: February 12, 2010
       New York, New York

## NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: February 12, 2010

By: /S/ Geoffrey Goell
Deputy Clerk